IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABDUL AHMED ASALATI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-06-1423-M |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal detainee appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondents Gonzales, Chertoff, and Prendes have moved to dismiss the action as moot, alleging that Petitioner has now been released from detention by United States Immigration & Customs Enforcement ("ICE"). Although Petitioner has not responded to the motion, the time for doing so has now passed. Thus, the matter is at issue and ready for disposition.

In his petition, Petitioner alleges that he is in the custody of the ICE and being detained at the Oklahoma County Detention Center in Oklahoma City, Oklahoma. Petition, p. 1-2. Petitioner further alleges that he has been in ICE custody since April 25, 2006,[1] and that he was ordered removed to his home country of Afghanistan on June 21, 2006. Petition, p. 3. He alleges that he waived his appeal from the order of deportation, making

---

[1] Petitioner states that he was convicted on March 10, 2005, of conspiracy to distribute cocaine and ecstasy, and possession with intent to distribute cocaine and ecstasy, in the United States District Court for the Western District of Missouri. He states that when he completed his sentence on April 25, 2006, the ICE assumed custody.

it final on that same date. Id. He states that he and the ICE have been unable to secure travel documents necessary to effectuate his deportation, resulting in his continued detention. Petition, p. 5-6.

Petitioner contends that in light of the Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001),[2] his continued detention under 8 U.S.C. §1231(a)(6) violates the statutory authority granted to the ICE. He also claims that his continued detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment. As relief, Petitioner seeks his immediate release from custody, injunctive relief, and attorney's fees.

In their motion to dismiss, Respondents state that Petitioner was released from custody on January 30, 2007. Respondents' Motion, p. 1. They attach a "Release Notification" dated January 29, 2007, and an "Order of Supervision" dated January 30, 2007, which is signed by Petitioner, indicating that he is to be released under supervision due to the ICE's inability to effect his deportation during the period prescribed by law. Respondents contend that Petitioner's release renders the action moot and requires its dismissal due to the lack of a case or controversy as required under Article III of the United States Constitution. Respondent's Motion, p. 2. As noted above, Petitioner has not responded to the motion to dismiss.

---

[2]In Zadvydas, the Supreme Court concluded that 8 U.S.C. §1231(a)(6) does not provide statutory authority for the federal immigration agency to indefinitely detain legally admitted, but removable, aliens where removal is not reasonably foreseeable. Id. at 697-699. The Court found that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the agency can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Id. at 698-701.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U. S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

In his action, Petitioner challenges only his prolonged detention while the ICE attempts to effectuate his deportation. Petitioner himself alleges that he has waived his appeal from the order of deportation, rendering it final. Petition, p. 3. Because Petitioner has now been released, the very relief he requests is no longer available and cannot be redressed by a favorable judicial decision. Once a petitioner has been released from custody, there must be "some concrete and continuing injury other than the now-ended incarceration ... -some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." Spencer, 523 U.S. at 7. Here, Petitioner does not allege any collateral consequences necessary to satisfy the injury-in-fact requirement of Article III, and has failed to bring any to the Court's attention through a response to the motion to dismiss. Therefore, the undersigned finds that there is no case or controversy and that the petition should be dismissed as moot. Al-Salahi v. Loiselle, No. 2:06CV102, 2006 WL 2709682, at *2 (E.D. Va. Sept. 19, 2006) ("Because petitioner is no longer in custody, but rather under

an order of supervision while the [ICE] continues to carry out his removal, a controversy no longer exists."); see Sule v. Immigration & Naturalization Serv., No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999) ( petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention); see also Soliman v. United States, 296 F.3d 1237, 1242-43  (11th Cir. 2002 ) (per curiam) (dismissing as moot an appeal of a § 2241 petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondents' motion to dismiss [Doc. No. 10] be granted, and the Petitioner's petition for a writ of habeas corpus be dismissed as moot.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before April 9, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 19th day of March, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE